VICTOR G. BYRD, C. L. BYRD, RANDY L. BYRD, WILLIAM COPPAGE, Plaintiffs, v. RALEIGH GOLF ASSOCIATION, INCORPORATED, Defendant

No. COA95-993

(Filed 16 July 1996)

**Corporations § 137 (NCI4th)— shareholders' right to vote conditioned upon payment of dues—relevant provision of articles of incorporation void**

When a corporation through its articles has authorized only one class of stock, any provision in the articles of incorporation that serves to restrict the voting rights of its shareholders is void as violative of N.C.G.S. § 55-6-01(c); therefore, the relevant provisions in defendant's articles of incorporation were void to the extent that they purported to condition each shareholder's right to vote upon the payment of annual dues.

**Am Jur 2d, Corporations §§ 999 et seq.**

**Validity and effect of agreement controlling the vote of corporate stock. 45 ALR2d 799.**

Appeal by plaintiffs from order entered 21 June 1995 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 24 April 1996.

Defendant Raleigh Golf Association, Inc., ("RGA") is a for-profit business corporation created and existing pursuant to Chapter 55 of the North Carolina General Statutes. Defendant RGA was incorporated in 1929, and has existed since that time for the purpose of owning and maintaining a golf facility for use by RGA members and the general public. The original articles of incorporation filed with the Secretary of State in 1929 provided for two classes of common stock, class A and class B. Class A stock held voting rights and was to be turned in each year and reissued, upon payment of annual dues, provided the stockholder remained a member of RGA. Class B stock held no voting rights and could be held without regard to the stockholder's membership status. Only those elected to membership and current in their annual dues were entitled to own class A voting stock.

In 1937, RGA's articles of incorporation were amended to provide that "[t]here shall be only one class of stock in this corporation, namely, common stock . . . ." Further, the 1937 amendments provide that

**BYRD v. RALEIGH GOLF ASSN.**

[123 N.C. App. 272 (1996)]

the control and operation of the corporation and the voting power shall be in the stockholders whose membership dues are paid in full for the last preceding year, and [stockholders] so voting . . . shall be known as active members of this corporation as distinguished from stockholders whose dues for the last preceding year have not been paid, who shall be known as inactive members.

The articles of incorporation were amended again in 1958, but no changes were made to this provision restricting the right to vote to those shareholders who were current on their dues.

In 1989, the RGA once more amended its articles of incorporation. These 1989 amendments, however, again left intact the voting restriction imposed upon shareholders who have not paid dues. The 1989 articles of incorporation provide in pertinent part:

In addition, the Corporation is organized for the purpose of engaging in any lawful act or activity for which corporations may be organized under Chapter 55 of the General Statutes of North Carolina.

. . . .

Section 4. The total authorized capital stock of the Corporation is one thousand (1,000) shares of Common Stock without par value. Except as set forth below, each share of Common Stock shall be entitled to one vote.

. . . .

The control and operation of the Corporation, and the voting power, shall be in the share[s] of Common Stock held by stockholders whose membership dues are paid in full for the last preceding year, which stockholders shall be known as "Active" Members or stockholders of the Corporation. Stockholders whose membership dues are not paid in full for the last preceding year shall have no right to vote, except as otherwise provided by law, the shares of Common Stock which they then hold and such stockholders shall be known as "Inactive" Members or stockholders of the Corporation.

Plaintiffs acquired their stock in RGA prior to the 1989 amendments and, not having paid their dues at that time, plaintiffs were not allowed to vote on the 1989 amendments.

In fact, all of the plaintiffs, with the exception of Victor Byrd, have not paid dues since 1988 and have been denied the right to vote since that time. Plaintiff Victor Byrd was previously inactive and unable to vote but now has paid his dues and is eligible to vote at the next shareholders' meeting. Plaintiff Victor Byrd stated, however, that he wishes again to stop paying his dues and that he believes he should not lose his voting rights when he does stop paying.

On 29 July 1994, plaintiffs filed a verified complaint against defendant alleging numerous violations of the provisions of the North Carolina Business Corporation Act. Plaintiff sought declaratory relief in the form a permanent injunction against defendant RGA to prevent any future restriction on plaintiffs' right to vote their shares in RGA. On 20 February 1995, plaintiff filed a motion for summary judgment. Plaintiffs' motion was heard on 7 April 1995 and at that time the parties stipulated that no genuine issue of material fact exists. On 21 June 1995, Judge Stafford G. Bullock entered an order denying plaintiffs' motion and granting summary judgment in favor of defendant RGA.

Plaintiffs appeal.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Michael W. Mitchell and Christopher B. Capel, for plaintiff-appellants.*

*Manning, Fulton & Skinner, P.A., by Howard E. Manning, Jr., and Kristen G. Lingo, for defendant-appellee.*

EAGLES, Judge.

Plaintiffs first argue that the trial court erred in granting defendant's motion for summary judgment and denying plaintiffs' motion for summary judgment. Plaintiffs argue that summary judgment is appropriate in their favor because of the requirement set out in G.S. 55-6-01(c)(1) that a corporation provide to its shareholders at least one class of stock with "unlimited voting rights." G.S. 55-6-01(c)(1) (1989). We agree.

The plain language of G.S. 55-6-01(c) provides that RGA's "articles of incorporation *must* authorize . . . [o]ne or more classes of shares that together have unlimited voting rights . . . ." G.S. 55-6-01(c) (emphasis added). This language is mandatory and subject to no

exception. It follows then that, when a corporation through its articles has authorized only one class of stock, any provision in the articles of incorporation that serves to restrict the voting rights of its shareholders is void as violative of G.S. 55-6-01(c).

Here, the defendant's articles of incorporation condition the exercise of voting rights upon the payment of annual dues to the corporation. Such an arrangement might well be permissible were plaintiffs members of a nonprofit corporation organized pursuant to Chapter 55A. *See* G.S. 55A-3-02 (1993); G.S. 55A-2-02 (1993); G.S. 55A-6-01 (1993); G.S. 55A-6-20 (1993); G.S. 55A-6-21 (1993); G.S. 55A-6-23 (1993). Defendant correctly admits in its brief, however, that it is a "for-profit, business corporation, existing under Chapter 55 of the laws of the State of North Carolina." A for-profit corporation may limit or attach conditions to the voting rights of different classes of its shares pursuant to G.S. 55-6-01(d)(1), but only so long as it first maintains a class of shares with unfettered voting rights. The mandatory requirements of G.S. 55-6-01(c) remain controlling.

We conclude that the relevant provisions in defendant's articles of incorporation are void to the extent that they purport to condition each shareholder's right to vote upon the payment of annual dues. We reverse the trial court's entry of summary judgment for defendant and remand the cause with direction to the trial court to enter summary judgment in favor of plaintiffs. Since this opinion removes any legal bar to plaintiffs' unfettered exercise of their voting rights, injunctive relief should be unnecessary absent a further showing by plaintiffs that their voting rights remain restricted in some way by defendant. We need not address plaintiffs' remaining assignments of error.

Reversed and remanded.

Judges LEWIS and McGEE concur.